IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LUCAS CRANOR, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) | Case No. 4:18-cv-00651-HFS |
| ) v. ) ) | |
| CLASSIFIED ADVERTISING ) VENTURES, LLC, and TRADECO ) MEDIA GROUP, LLC, ) ) | |
| Defendants. ) | |

**MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
CLASSIFIED ADVERTISING VENTURES, LLC AND TRADECO MEDIA
GROUP, LLC, AND IN FAVOR OF PLAINTIFF, INDIVIDUALLY**

Pursuant Fed. R. Civ. P. 55(b), Plaintiff Lucas Cranor moves the Court for entry of default judgment against Defendants Classified Advertising Ventures, LLC ("Classified") and Tradeco Media Group, LLC ("Tradeco") (collectively, "Defendants") on Plaintiff's individual claims only. In support of this Motion, Plaintiff states as follows:

**Background**

1. This is a putative class action alleging Defendants—who shared officers and employees, conducted business under the name "Seller Networks," and acted as each other's' alter egos—knowingly and willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the implementing regulations, 47 C.F.R. § 64.1200 *et seq.*, by making advertising and telemarketing calls and text messages to Plaintiff's and the putative class members' cellphone numbers using an automatic telephone dialing system ("ATDS") without prior express written consent. *See Class Action Compl.* ¶¶ 1, 22-28, 35-45, 48-49, 52-60, 64-75, 78-96 (ECF No. 1). The instant Motion concerns only the calls and text messages to Plaintiff

because Plaintiff does not have information relating to the calls or texts to the class. As such, Plaintiff will not seek class certification on their behalf.

2. On February 14, 2019, a default was entered against Defendants. *See* ECF No. 11. Plaintiff now moves for entry of a default judgment in the amount of $18,766.50 on his individual claims for Defendants' willful and knowing violations of the TCPA.

3. "'[I]t is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief,'" and "'defendant is deemed to have admitted all well pleaded allegations in the complaint.'" *Taylor v. Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988).

4. Nevertheless, "[f]ederal law . . . requires a judicial determination of damages absent a factual basis in the record." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

5. To that end, Rule 55(b) provides, in pertinent part, that "[t]he court *may* conduct hearings . . . when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages; [or] (C) establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2) (emphasis added).

6. "By its terms, 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

7. Thus, "[t]he court may simply rely on detailed affidavits or documentary evidence in evaluating the proposed sum." *OY SAIMAA LINES LOGISTICS LTD. v. MOZAICA-NEW YORK, INC.*, 193 F.R.D. 87, 89 (E.D.N.Y. 2000); *accord Coniglio v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 149764, *3 (M.D. Fla. Oct. 21, 2014) ("where the essential evidence regarding

damages is before the Court, such a hearing may be unnecessary").

8. In all events, however, "[d]amages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

### The Telephone Consumer Protection Act

9. The TCPA provides a private right of action for the violation of any regulations prescribed under the TCPA. *See* 47 U.S.C. § 227(b)(3).

10. Those regulations provide, in pertinent part, that:

> No person or entity may . . . Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using . . . an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party[.]

47 C.F.R. § 64.1200(a)(2). The referenced "telephone numbers" include "any telephone number assigned to a . . . cellular telephone service." 47 C.F.R. § 64.1200(a)(1)(iii).

11. "A text message . . . qualifies as a 'call'" under the TCPA. *E.g.*, *Layden v. Adams Auto Corp.*, 2018 U.S. Dist. LEXIS 79792, *4 (W.D. Mo. May 11, 2018) (quoting *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016)).

12. "Advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1).

13. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental or, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. "Prior express written consent" is defined as:

3

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.
>
> **(i)** The written agreement shall include a clear and conspicuous disclosure informing the person signing that:
>
> **(A)** By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> **(B)** The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.
>
> **(ii)** The term "signature" shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law.

47 C.F.R. § 64.1200(f)(8).

15. The TCPA provides for statutory damages in the amount of $500 for each violation of the TCPA or implementing regulations, and up to $1,500 for each knowing or willful violation. 47 U.S.C. § 227(b)(3). "The damages provided under the TCPA are liquidated damages." *Coniglio*, 2014 U.S. Dist. LEXIS 149764 at *12.

16. "The requirement of 'willful[] or knowing[]' conduct requires the violator to know he was performing the conduct that violates the statute. For example, to violate section 227(b)(1)(A)(i), a defendant must know that he is using an 'automatic telephone dialing system' to place a 'call,' and that the call is directed toward an 'emergency' line." *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) (citation omitted).

### The Evidence of Plaintiff's Damages and Costs

17. Here, Defendants called Plaintiff's cellphone number using an ATDS five (5)

4

87877

Case 4:18-cv-00651-HFS   Document 13   Filed 12/06/19   Page 4 of 7

times which Plaintiff is able to identify. *See Declaration of Lucas Cranor* ¶¶ 3, 7-12, attached as **Exhibit 1**.

18. Further, the calls were clearly for the purpose of encouraging Plaintiff to purchase or invest in Defendants' services to help sell his car as demonstrated by admissions Defendants made when Plaintiff returned the calls. *See id.* ¶ 12 ("we're interested in speaking with you about the listing you have for sale," instructing Plaintiff hwo "to speak with a consultant"); *see also id.* ¶ 15 (asking "Are you still selling your car" and "would you like assistance selling it").

19. Defendants also sent text messages to Plaintiff's cellphone number using an ATDS seven (7) times which Plaintiff is able to identify. *See id.* ¶¶ 13-14, 16-19. The text messages were sent from five (5) different phone numbers. *See id.*

20. All of the text messages were likewise for the purpose of encouraging Plaintiff to purchase or invest in Defendants' services to help sell his car. *See id.* ¶ 15 (when Plaintiff called back one of the numbers that texted him, an artificial female voice answered by asking "Are you still selling your car," then asked "would you like assistance selling it"); *id* ¶¶ 16-19 (when Plaintiff called back each of the other numbers that texted him, the same artificial female voice answered by asking "Are you still selling your car").

21. Moreover, Defendants knew Plaintiff had never provided either of the Defendants his cellphone number under any circumstances. Defendants also knew they had no consent to call Plaintiff's number because Plaintiff had never signed any written agreement with either of the Defendants. *See id.* ¶¶ 4-6.

22. Based on the fact that Defendants made calls that used an ATDS, it is reasonable to infer that Defendants knew they were using an ATDS. Indeed, there is no way Defendants could *not* know the calls were using such technology, as Defendants themselves made the calls.

5

23. It is also reasonable to infer Defendants knew their calls to Plaintiff would violate the TCPA, as another individual separately sued Defendant Classified for violating the TCPA based on materially-identical conduct—the very same month that Classified started robo-calling Plaintiff. *See Amini v. Classified Advertising Ventures, LLC d/b/a Seller Networks, et al.*, No. 8:18-cv-00751-JVS-KES (C.D. Cal.), ECF No. 1 (class action complaint filed May 1, 2018). Likewise, Defendant Tradeco was previously sued for materially-identical conduct violating the TCPA. *See Knaster v. Tradeco Media Group, LLC*, No. 0:15-cv-61242-DPG (S.D. Fla.), ECF No. 1 (Class Action Complaint).

24. As such, each of the twelve (12) TCPA violations by Defendant were knowing and willful. *See Coniglio*, 2014 U.S. Dist. LEXIS 149764 at *12-13 (entering default judgment against defendant in amount of $1,050,000 for knowing and willful TCPA violations); *cf. Lary*, 780 F.3d at 1107 (affirming default judgment, but finding judgment for *knowing* violations improper because "[i]n Lary's own affidavit attached to his motion for a default judgment, he averred that Hong used a third party to send out advertisements, which suggests that Hong and Trinity might have had no knowledge that Lary received a particular fax," "[a]nd the bare assertion in Lary's complaint that the defendants 'willfully' and 'knowingly' violated the Act was a legal conclusion, not an allegation of fact that we must accept as true").

25. Plaintiff has incurred $766.50 in reasonable costs for this lawsuit, comprised of the filing fee, service fees, and pro hac vice admission fees. *Declaration of Theodore Kuyper* ¶¶ 4-9, attached as **Exhibit 2**.

26. Therefore, Plaintiff is entitled to a judgment of $18,766.50, comprised of $18,000 in liquidated damages and $766.50 in reasonable costs.

6
87877
Case 4:18-cv-00651-HFS   Document 13   Filed 12/06/19   Page 6 of 7

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order: **(A)** granting this Motion without a hearing based on the detailed declarations attached hereto; **(B)** entering a joint and several default judgment against Classified Advertising Ventures, LLC and Tradeco Media Group, LLC, and in favor of Plaintiff on his individual claims only, in the amount of $18,766.50 pursuant to Fed. R. Civ. P. 55(b); and **(C)** awarding Plaintiff such other and further relief as the Court deems proper.

Dated: December 6, 2019

        Respectfully Submitted,

        LUCAS CRANOR, INDIVIDUALLY, Plaintiff

        By:   /s/ Theodore H. Kuyper

        Keith J. Keogh (*admitted pro hac vice*)
        Theodore H. Kuyper (*admitted pro hac vice*)
        Keogh Law, Ltd.
        55 W. Monroe St., Suite 3390
        Chicago, IL 60603
        (312) 726-1092
        (312) 726-1093 (fax)
        keith@keoghlaw.com
        tkuyper@keoghlaw.com

        A.J. Stecklein (#16330)
        Michael H. Rapp (#25702)
        Stecklein & Rapp, Chartered
        748 Ann Ave.
        Kansas City, Kansas 66101
        (913) 371-0727
        (913) 371-0147 (fax)
        aj@kcconsumerlawyer.com
        mr@kcconsumerlawyer.com

        *Attorneys for Plaintiff and the Putative Class*